UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES GARDIN,<br><br>              Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER MAHN,<br><br>             Defendant. | Case No. C09-5116RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>February 12, 2010 |

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court upon defendant's motion to dismiss (Doc. 15).

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 2, 2009, plaintiff, James Gardin, submitted to the clerk of the court a complaint along with an application to proceed in forma pauperis. Doc. 1. The court subsequently reviewed the matter, granting plaintiff leave to proceed without paying the filing

REPORT AND RECOMMENDATION- 1

fee and directed the clerk to forward the necessary documentation to the U.S. Marshal for service. Doc. 5. The Complaint, filed by the clerk on April 28, 2009, alleges plaintiff, while an inmate at the Kitsap County Jail was injured by Correctional Officer Mahn's use of excessive force and wrongfully denied medical assistance. Doc. 6.

On September 9, 2009, the undersigned reviewed the matter, noting that an Answer had not yet been filed. Plaintiff was ordered to show cause why his claims should not be dismissed for lack of prosecution. Doc. 8. In response, plaintiff filed a motion for appointment of counsel, Doc. 9, and a pleading that erroneously stated he did not initially submit the proper documents for service.[1] After considering plaintiff's explanation, the court directed defendant to file an answer or other appropriate pleading in response to the summons and complaint. Doc. 12.

On November 23, 2009, defendant filed the instant motion to dismiss. Doc. 15. Defendant asks the court to dismiss the matter based on the argument that the complaint and summons has not been properly served. The motion should be denied.

## **DISCUSSION**

In cases involving plaintiffs proceeding in forma pauperis, the U.S. Marshal, upon order of the court, is authorized to serve the summons and complaint. See 28 U.S.C. § 1915(c); Boudette v. Blandford, 923 F.2d 754, 757 (9th Cir.1991). An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the marshal for service of the summons and complaint and should not be penalized by having his action dismissed for failure to effect service where the marshal or the court clerk has failed to perform his duties. Puett v. Blandford, 912

---

[1] When the Complaint was submitted, plaintiff provided all the necessary documents for service. Otherwise, the clerk would not have been able to put the service package together for the U.S. Marshal and the court would have issued an order addressing the deficiency.

REPORT AND RECOMMENDATION- 2

F.2d 270, 275 (9th Cir. 1989). Nevertheless, the plaintiff who relies on the marshal for service must provide the necessary information and documents to help effect service. Id.

Defendant states that "no document has been delivered by the United States Marshall, regarding the above action, to either Officer Mahn, or his counsel." Doc. 15 at 1-2. In contrast with this statement, the record indicates the U.S. Marshall sent the service documents to Officer Mahn at the Kitsap County Jail on May 27, 2009. Doc. 20. As of January 8, 2010, the U.S. Marshall has not received an acknowledgement of receipt. Id.

As stated above, the plaintiff properly supplied the necessary forms and documents to effect service and he should not be penalized by having his claims and causes of action dismissed for lack of service completed by the U.S. Marshal. At this point, the Court should deny the motion to dismiss. Because defendants claim that they have not received the service of summons, this court recommends that the matter be served again by either the U.S. Marshal or directly by the Clerk of the court.

## CONCLUSION

Defendants' motion to dismiss should be DENIED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 12, 2010, as noted in the caption.

Dated this 20th day of January, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3