UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. GARDIN,<br><br>          Plaintiffs,<br><br>   v.<br><br>OFFICER MAHN,<br><br>          Defendant. | Case No.  C09-5116RJB/JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED July 30, 2010 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Before the court is a motion for summary judgment (Dkt. # 25).  The defendant is entitled to summary judgment because when force is used to restore order to a cell block it does not violate the eighth amendment, even if the force is later determined to be excessive.

FACTS

Plaintiff was booked into the Kitsap County Jail in May of 2007.  On July 24, 2007, he was in an altercation with another inmate.  Officer Mahn was the first Correctional Officer to observe the fight.  Officer Mahn notified the control booth, called for back-up, and entered the

REPORT AND RECOMMENDATION- 1

Central B unit day room where the two inmates were fighting. The sally port door closed and locked behind Officer Mahn leaving him as the only officer in the day room with a approximately twenty to thirty inmates, two of whom were fighting. Officer Mahn gave verbal orders to stop fighting, which were ignored. He then approached the inmates and placed a can of OC spray between them, which he discharged. The inmates stopped fighting and when other officers arrived they were able to place the inmates in restraints (Dkt. # 26, affidavit of Officer Mahn).

Plaintiff alleges that when officer Mahn approached the fighting inmates he swung his hand with the can of OC and hit plaintiff in the right eye -- cutting plaintiff's eye. He claims the pepper spray was then discharged into his face. He alleges that officer Mahn used excessive force. (Dkt. # 6 complaint).

Officer Mahn states in his affidavit that if he hit plaintiff with either his fist or the can of OC the contact was inadvertent. He claims he was not aware of having made any physical contact with the plaintiff (Dkt. # 25). Plaintiff has not responded to the motion for summary judgment.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

REPORT AND RECOMMENDATION- 2

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradict facts specifically attested by the moving party. Id. Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Plaintiff has not responded to the motion for summary judgment. Local Rule 7 states that failure to respond means the plaintiff concedes the motion has merit. It also means defendants' version of the facts is uncontested.

Plaintiff's allegation that defendant used excessive force, if true, states a valid claim under 42 U.S.C. § 1983. The threshold inquiry for such a claim is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992). Wilson v. Seiter, 501 U.S. 294, 298-99

REPORT AND RECOMMENDATION- 3

(1991). The court examines whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Graham v. Connor, 490 U .S. 386, 397 (1989).

Officer Mahn reacted to a situation that placed him and the inmates in the Central B Unit day room in danger. He acted quickly to prevent further inmate injury and to prevent a fight between two inmates from escalating into something larger. The allegation that he hit plaintiff in the eye with either his hand or a can of OC in the course of the actions he took does not rise to the level of a constitutional violation. Officer Mahn was acting to restore order and take control of a volatile situation. His actions were objectively reasonable under the circumstances.

Defendant is entitled to summary judgment on the constitutionality of his actions. Accordingly, the court does not address qualified immunity.

## CONCLUSION

The defendants' motion for summary judgment should be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 30, 2010, as noted in the caption.

Dated this 30th day of June, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4